IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Francisco J. Toledo Méndez; Lisandra Mercado Jiménez; Elmer Zapata Padilla; Emilio Lugo Santos; Wilfredo Maldonado Martínez; Luis Adrián Negrón Cruz; Johnny A. Ramos Flores; Javier Ramos Colón; Víctor Mangome Senati; José Luis González Calventy; Angel G. Pérez Rosario; Wilfredo Ramírez Rivera; Arnaldo Morales Vélez; Erick Soto Modesti; José Orlando Carrasquillo Ríos; Héctor Martínez Alvarado; Calex Figueroa Bobé; Dally Pérez Lugo; Ismael Rivera Skerrett; Luis A. Martínez Rivera; José R. Rodríguez Gómez; Carlos Cortés Ramos; Mervin Rodríguez Rodríguez; Miguel González Olmo; José Luis Rivera Rivera; Luis O. Reyes Vázquez; Hernán G. Díaz Dávila; Rafael Curbelo Medina; Reinaldo J. Pagán Morales; Felipe Javier Torres Morales; Cecilio López Fonrodona; Jaime L. Moreno Jiménez; Luis Daniel Vázquez Vélez; Orlando Padilla Rosado; Roberto Padilla Solivan; Alexis Ramírez Pérez; Yamil J. Cruz Sánchez; Fernando Lugo Torres; Gustavo Valls Dapena; David de Jesús Cintrón; Braulio Ramos Vera; Orlando Sánchez Luyando; Tiburcio Zayas Martinez; María E. Santiago Rivera; Luis A. Flores García;  Marcos Llanol Pagán García; Efraín García Maldonado; Eric Ramos Báez; Wilson Lugo Cintrón;  Elio Morciglio Rivera; Rubén O. Bobet Quiles; Nelson Rodríguez Marín; Juan Alberto Santiago Meléndez; Wilfredo Rodríguez Pacheco; Ervin Vega García; Melvin M. Torres Ortiz; Daniel Colón Figueroa; Higinio Mercado Burgos; José A. Rosado Hernández; Luis E. Nieves Guzmán; Domingo Flores Colón; Rubén Torres Díaz; Javier Tavárez Ortiz; Luis O. García Calderón; Julio Carmona Maldonado; Reinaldo Ávila del Pilar;  Omar Báez

CIVIL NO.  24-1462

CIVIL RIGHTS
PLAINTIFFS DEMAND TRIAL BY JURY

Vázquez; Luis Angel Calderón Osorio;
Andrés J. Santiago Martínez; Víctor Rosa
Galagarza; Angel E. Atienza Fernández;
Wilfredo Luciano Arocho; José A. Quiñones
Varela; Héctor F. Molina Ramírez; Hiram
Torres Arroyo and their conjugal partnerships

Plaintiffs

V.

Anaïs Rodríguez Vega, in her personal
capacity and Damaris Miranda Maisonave, in
her personal capacity

Defendants

## COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW the plaintiffs, through their undersigned attorneys and very respectfully states, alleges and prays:

**I. JURISDICTION AND VENUE**

**1.** This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as Plaintiff's claims arise under the Fourteenth Amendments to the United States Constitution and are being brought pursuant to 42 U.S.C. § 1983 and 1988. This Court also has supplemental jurisdiction over all claims arising under the laws and Constitution of Puerto Rico herein asserted pursuant to 28 U.S.C. § 1367.

**2.** Venue is proper in the District of Puerto Rico, pursuant to 28 U.S.C. §1391. All parties reside in Puerto Rico, and a substantial part of the acts, events and/or omissions giving rise to these claims occurred in Puerto Rico.

## II. PARTIES

**3.** Plaintiffs are all employees of the Natural Resources Ranger Corps (the Ranger Corp.) and residents of this Commonwealth.

**4.** Defendant Anaïs Rodríguez Vega (Rodríguez Vega) is Secretary of the Puerto Rico Department of Natural and Environmental Resources (the Department), a branch of the Government of Puerto Rico.

**5.** Defendant Damaris Miranda Maisonave was the head of human resources at the Department at all times herein material to this complaint.

## III. THE FACTS

**6.** Act 80 of August 3, 2020 (Act 80) provided for the early retirement of different employees of the Government of Puerto Rico and some of its public corporations, with a 50% of their salary at that time, instead of the 38% or lower and having to wait until age 65. Act 80 applied to all plaintiffs in this case, and they could have retired pursuant to this act. On October 14, 2020, the Retirement Services Administration of the Commonwealth of Puerto Rico and the Office of Management and Budget issued Circular Letter Num. 2021-01 for a process to implement Act 80. This Circular Letter was amended by 2021-2 on November 9, 2020, and later by Circular Letter 2021-3 of December 14, 2020. The period to request early retirement pursuant to Act 80 was extended until January 22, 2021. All Plaintiffs requested early retirement pursuant to Act 80 within the established period and all were notified by the Department that their positions were not essential.

**7.** On December 20, 2021, the Financial Oversight Management Board (FOMB) filed an adversary proceeding against Governor Pierluisi and others, Adv. Proc 21-00119 within the Title III process of the Commonwealth of Puerto Rico, 17-3283 to stop the implementation of

Act 80. After filing said Adversary Proceeding, the parties sat down to discuss a solution to their differences.

**8.** On December 27, 2021, the parties in case 21-119 filed a stipulation with the Court and on December 28, 2021, Judge Swain approved said stipulation. The order states, *inter alia*, the following:

> The Court's approval or 'SO ORDERING' of this agreement shall invalidate JR 33 and Acts 80, 81, and 82 pursuant to PROMESA, including as significantly inconsistent with the certified fiscal plan, as of the enactment date for each of JR 33 and Acts 80, 81, and 82, except as provided for in paragraph 3 of this agreement.

**9.** Paragraph 3 of said order states:

> Act 80 and JR 33 - The parties shall endeavor to reach an agreement on a means of implementing the incentivized early retirement provisions set forth in Act 80 for certain employees where doing so would create savings above and beyond the level of savings required in the currently certified fiscal plan (the "Baseline Savings") or otherwise satisfy some other metric the parties agree on, as follows:

> a. On a per agency level, the Government shall provide both the descriptions of the position proposed to be eliminated (the "Proposed Eliminated Positions") and the projected net savings that will result from the elimination of said position while taking into consideration the incremental cost of providing the incentivized early retirement benefit (the "Savings").

> b. If the parties mutually agree on (i) the Proposed Eliminated Positions, (ii) the Savings, and (iii) that the Savings are above and beyond the Baseline Savings, or otherwise satisfy some other metric the parties may agree on, then the parties shall use their respective best efforts to concur on a means of implementation within 45 days after the date of this agreement, including necessary fiscal plan and budgetary funding in compliance with PROMESA; and

> c. The Eliminated Positions shall be eliminated within the Governmental system, and the eliminated positions, including any functionally similar positions, shall not be restored, recreated, or created within the affected agencies and corporations.

10. On January 25, 2022, the Retirement Services Administration of the Commonwealth and the Office of Management and Budge issued Circular Letter Num. 2021-04 establishing the second phase of the procedure to implement Act 80 Two-time extensions were provided until March 5, 2022. On July 22, 2022, Circular Letter 2023-1 was issued where the first phase of the implementation of the early retirement pursuant to Act 80 was established. Subsequently, the parties to Adversary Proceeding 21-119 filed a new stipulation which was approved by Judge Swain on September 25, 2023. On October 5, 2023, Circular Letter 2024-02 was issued, establishing the second phase of the retirement program pursuant to Act 80.

11. In July of 2022, all Plaintiffs received a letter from the Retirement Board stating that their position was not essential and that they would be able to proceed to early retirement as per Act 80. On October 6, 2023, much to Plaintiffs surprise, they received a letter from Defendant Rodríguez Vega, the Secretary of the Department, stating that the FOMB had determined that their position was essential and that they could not retire pursuant to Act 80. When Plaintiffs requested information from the FOMB, however, in February of 2024 it sent them a letter stating, *inter alia*, as follows:

> To ensure that savings will be achieved, the Government and the Oversight Board agreed to permanently eliminate certain positions.2 To ensure that the Government can still provide essential services, the Oversight Board and the Government also agreed that only non-essential positions can be eliminated permanently. With these parameters in mind, **the Government and the various agencies and public corporations determined which positions could be eliminated.** (Emphasis supplied, footnote omitted)

12. At some time between July 2022 and October 2023, Rodríguez Vega and Miranda conspired and decided, for reasons unknown, not to allow Plaintiffs to take early retirement. This decision, which affected Plaintiffs' property rights, was not communicated to them until October 2023 via a letter where the responsibility for the decision was placed on the Board, instead of Rodríguez Vega and Miranda, who were the ones who conspired and took said

decision. Neither Rodríguez Vega nor Miranda gave Plaintiffs a pre or post deprivation hearing to challenge said decision.

**13**. On March 22, 2024, the FOMB and the Commonwealth filed a final stipulation in Adversary Proceeding 21-119 providing the positions that were eliminated in each agency. None of the Plaintiffs was included in said list. None of the Plaintiffs were able to take early retirement pursuant to Act 80. If allowed to retire pursuant to Act 80, they would receive 50% of their salary and would not have to wait to age 65 when the retirement percentage would be much lower.

**14**. Since the Board did not, contrary to what Rodríguez Vega claimed in the October 2023 communication, make the decision not to allow Plaintiffs to take early retirement but was made by Defendants, the acts to deny Plaintiffs early retirement and then to lie as to who made the decision were intentional acts by Defendants. They are liable to Plaintiffs for their damages.

## IV. THE FIRST CAUSE OF ACTION-DUE PROCESS

**15**. Plaintiff reallleges and adopts by reference paragraphs 1-14 of this complaint.

**16**. Act 80 provided Plaintiffs with a property right, to wit, take early retirement at 50% of their present salary. The Commonwealth illegally agreed to stop putting in effect Act 80 in its entirety. Even if this act was not illegal, the stipulation of December 2021 and September 2023, coupled with the letter of July of 2022 informing Plaintiffs that they could take early retirement pursuant to Act 80, created a property right for them protected by the 5th and 14th Amendment Due Process clause.

**17**. Plaintiffs had and have a property interest in the early retirement process established by Act 80 and the aforementioned stipulations. At some time between July 2022 and October 2023, Defendants conspired with each other and decided not to allow Plaintiffs to take early

retirement pursuant to Act 80. Rodríguez Vega, as Secretary of the Department, was its final policy maker and in conspiracy with others, including Miranda, took the decision not allow Plaintiffs to take early retirement and denying them a pre or post deprivation hearing. Hence, they are liable pursuant to 42 U.S.C. § 1983. These decisions were intentional and without any legally valid reasons. To add insult to injury, instead of fessing up to their decision, a falsely blamed the Board for the decision.

18. This decision not to allow Plaintiffs to take early retirement pursuant to Act 80 was not communicated to Plaintiffs. They were not provided an opportunity to be heard on whether their position was essential or any other reason to deny their request to take early retirement. Since all Plaintiffs had a property right to retire pursuant to Law 80 and the stipulations, they had a right to be heard when said right was denied by Defendants intentional and unreasonable act of denying said retirement and then blaming the Board for the decision. If a person possesses a property interest, some form of the pre-deprivation process is required, *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The need for a pre-depravation hearing comes from the balancing of (1) the private interest that will be affected and the interest of the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and (3) the government's interest. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 543 (1985). In this case, the balancing of interest favored the pre-deprivation hearing, which was not provided by Defendants intentionally.

19. In addition, if Plaintiffs did not have a right to a pre-deprivation hearing, which they had a right to, they had a right to a post-deprivation hearing, which was not provided by Defendants. Although Plaintiffs sought meetings with Defendants, they were not given the type of hearing required by due process. "The fundamental requirement of due process is the

opportunity to be heard *at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge*, 424 U. S. 319, 433 (1976*), quoting Armstrong v. Manzo*, 380 U. S. 545, 552 (1965). This opportunity was not provided by Defendants, although they knew or should have known Plaintiffs had a right to said hearing, all in violation of 42 U.S.C. § 1983.

**20**. These decisions deprived Plaintiffs of their constitutional right to be heard and were made pursuant to Commonwealth law by state actors, in violation of 42 U.S.C. § 1983. As explained in more detail in the damages section, this has caused Plaintiffs not only pain and suffering but economic hardship since their retirement will be much less than pursuant to Act 80. All of Defendants actions were made under color of state law in violation of 42 U.S.C. § 1983.

## V. SECOND CAUSE OF ACTION-SUBSTANTIVE DUE PROCESS

**21**. Plaintiffs adopt by reference paragraphs 1-20 of the Complaint.

**22**. Act 80 provided Plaintiffs with a property right, to wit, take early retirement at 50% of their present salary. The Commonwealth illegally agreed to stop putting in effect Act 80 in its entirety. Even if this act was not illegal, the stipulation of December 2021 and September 2023, coupled with the letter of July of 2022, informing Plaintiffs that they could take early retirement pursuant to Act 80, created a property right for them protected by the 5th and 14th Amendment Due Process clause.

**23**. Plaintiffs had and have a property interest in the early retirement process established by Act 80 and the aforementioned stipulations. At some time between July 2022 and October 2023, Defendants conspired and decided not to allow Plaintiffs to take early retirement pursuant to Act 80. Rodríguez Vega, as Secretary of the Department, was its final policy maker and in conspiracy with others, including Miranda, took the decision not allow Plaintiffs to take

early retirement and denying them a pre or post deprivation hearing. Hence, the Bank is liable pursuant to 42 U.S.C. § 1983. These decisions were intentional and without any valid reasons. To add insult to injury, instead of fessing up to their decision, Defendants falsely blamed the Board for the decision.

24. This decision not to allow Plaintiffs to take early retirement pursuant to Act 80 was not communicated to Plaintiffs. Defendants conspired and decided not to provide Plaintiffs an opportunity to be heard on whether their position was essential or any other reason to deny their request to take early retirement. Since all Plaintiffs had a property right to retire pursuant to Law 80, etc., they had a right to be heard when said right was denied by Defendants intentional act of denying said retirement and then blaming the Board for the decision. Moreover, instead of informing Plaintiffs that this was their decision, they blamed the Board. Defendant even went to the Puerto Rico Legislature and under oath stated that the decision not allow Plaintiffs to retire pursuant to Law 80 and the stipulations was taken by the Board. These acts and omissions of due process denial and lying to Plaintiffs as to who took the decision not to allow them to take early retirement pursuant to Act 80 and the aforesaid stipulations are shocking to the conscience in violation to the substantive due process clause of the U.S. Constitution and deprived Plaintiffs of their property right to take early retirement.

25. These decisions deprived Plaintiffs of their constitutional right to be heard and were made pursuant to Commonwealth law by state actors, in violation of 42 U.S.C. § 1983. As explained in more detail in the damages section, this has caused Plaintiffs not only pain and suffering but economic hardship since their retirement will be much less than pursuant to Act 80. All of Defendants actions were made under color of state law in violation of 42 U.S.C. § 1983.

## VI. THIRD CAUSE OF ACTION-TORTS

**26**. Plaintiffs adopt by reference paragraphs 1-25 of the Complaint.

**27**. Defendants acts and omissions have caused damages to Plaintiffs. Their acts and omissions are in violation of Article 1536 of the Puerto Rico Civil Code, 2020 Edition (the Code), 31 L.P.R.A. § 10801 and Article 1540 of the Code, 31 L.P.R.A. § of the 10805. Defendants had the duty to provide Plaintiffs with due process, did not do so and actually conspired to deprive Plaintiffs of their constitutional rights. In addition, Defendants had the duty to provide Plaintiffs with truthful information as to whom denied them early retirement when in reality, they lied to them about who decided they could not take the early retirement. All these acts and omissions caused Plaintiffs the damages alleged, *infra*.

## VII. DAMAGES

**28**. Plaintiffs adopt by reference paragraphs 1-27 of the Complaint.

**29**. Plaintiff Francisco Toledo Méndez is a Lieutenant working in the Ranger Corps. He was overjoyed when he was informed that she could take early retirement pursuant to Act 80. Francisco was greatly disillusioned when he was informed that he would not be able to take the early retirement. Since he received the October 6, 2023, letter, he suffers insomnia, severe anxiety, high blood pressure, increase in alcohol consumption, instability in his family life, and general disgust at work. He is taking medicine for his anxiety and insomnia. Francisco cannot believe that the agency for which he has worked for so long would betray him and then lie as to who was responsible for her inability to take early retirement. His damages for emotional pain and suffering are no less than $1,000,000.

**30**. In addition, if Francisco had been able to take early retirement pursuant to Act 80, she would receive $1,600 a month, whereas when she retires at age 65, he will only receive

$1,065 a month. This amounts to a loss of income of $62,270.74 ($6,411.60 x 9.7122 present value at 6%) to age 80 in present value loss of income.

**31**. Plaintiff Lisandra Mercado Jiménez worked at the Ranger Corp. She was overjoyed when she was informed that she could take early retirement pursuant to Act 80. Lisandra was greatly disillusioned when she was informed that she would not be able to take the early retirement. Since she received the letter of October 6, 2023, her emotional health completely destabilized, to such a degree that her husband had to take her to received psychiatric treatment with Dr. Milian Rosado. When Dr. Rosado saw her condition, Lisandra was hospitalized in Hospital San Juan Capestrano in Mayagüez, where she stayed from October 19-26 of 2023.

**32**. That emotional condition described above, brought forth other medical conditions. For example, Dr Migdoel Cruz, a cardiologist, had to prescribe Lisandra to stabilize her pulse which was exceeding 100 beats a minute. The fibromyalgia that Lisandra suffered got worse due to the stress of not being able to retire pursuant to Law 80. Due to the stress, Lisandra was disarmed and sent to "Programa de Ayuda al Empleado" (by its acronym in Spanish PAE). She continues psychological treatment with Dr. Zoraya Torres and psychiatrist Millie Rosado. Since she was not authorized to go back to work, Lisandra had to take leave without pay, which caused economic problems.

**33**. Lisandra continues to have anxiety attacks, difficulty sleeping, which requires that she take several medicines, Prozac, Risperdal, Restoril, Elavil, Klonopin. This situation affects not only Lisandra but her family such as her mother who has had to be treated in the emergency room due to stress related to her daughter's condition. Her children's school performance have also suffered. Her life has taken an unexpected turn since she received the October 6, 2023,

letter. Lisandra has been diagnosed with mayor depression. Her damages for emotional pain and suffering are no less than $1,000,000.

**34**. In addition, if Lisandra had been able to take early retirement pursuant to Act 80, she would receive $1,360.58 a month, whereas when she retires at age 65, she will only receive $681.85 a month.  The amount of loss of income at present value is $79,103.54 ($8,144.76 x 9.7122) to age 80.

**35**. Plaintiff Elmer Zapata Padilla is a Sergeant in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80 and started to plan his retirement. Elmer was greatly disillusioned when he was informed that he would not be able to take the early retirement. Since he received the October 6, 2023, letter, he suffers insomnia, general anxiety, high blood pressure, instability in his family life, and general disgust at work. He is taking medicine for his insomnia and depression. Elmer cannot believe that the agency for which he has worked for so long would betray him and then lie as to who was responsible for her inability to take early retirement. His damages for emotional pain and suffering are no less than $1,000,000.

**36**. In addition, if Elmer had been able to take early retirement pursuant to Act 80, she would receive $1,393.35 a month, whereas when she retires at age 65, he will only receive $795.84 a month.  This amounts to a present value loss of income of $69,637.64 ($7,170.12 x 9.7122 present value at 6%) to age 80 in present value loss of income.

**37**. Plaintiff Emilio Lugo Santos works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Elmilio was greatly disillusioned when he was informed that he would not be able to take the early retirement. Since he received the October 6, 2023, letter, he suffers severe anxiety, increase of alcohol

consumption, labor anger, family instability, insomnia, high blood pressure, high blood sugar. In addition, Emilio lost a business due to his anguish and he was forced to reduce his vacation and sick leave. His damages for emotional pain and suffering are no less than $1,000,000.

38. Also, if Elmilio had been able to take early retirement pursuant to Act 80, he would receive $1,396.65 a month, whereas when he retires at age 65, he will only receive $778.78 a month. This amounts to a present value loss of income of $72,010.52 ($7,414.44 x 9.7122 present value at 6%) to age 80.

39. Plaintiff Wilfredo Maldonado Martínez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. The minute that he received the notice he could retire, Wilfredo began planning his retirement. Wilfredo was greatly disillusioned when he was informed that he would not be able to take the early retirement. Since he received the October 6, 2023, letter, he suffers anxiety, labor anger, family instability, insomnia, high blood pressure. His damages for emotional pain and suffering are no less than $1,000,000.

40. Also, if Wilfredo had been able to take early retirement pursuant to Act 80, he would receive $1,381.80 a month, whereas when he retires at age 65, he will only receive $618.17 a month. This amounts to a present value loss of income of $88,98.33 ($9,163.56 x 9.7122 present value at 6%) to age 80.

41. Plaintiff Luis Adrian Negrón Cruz works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Luis Adrian was greatly disillusioned when he was informed that he would not be able to take the early retirement. Since he received the October 6, 2023, letter, he has had to seek medical assistance, with psychologists and psychiatrists, which have prescribed antidepressants and anti-anxiety

medication due to insomnia, anguish, depression, anxiety, alcohol, work and family problems. He has also had problems with high blood pressure and has been hospitalized on more than on occasion. His damages for emotional pain and suffering are no less than $1,000,000.

42. Also, if Luis Adrian had been able to take early retirement pursuant to Act 80, he would receive $1,381.79 a month, whereas when he retires at age 65, he will only receive $607.88 a month. This amounts to a present value loss of income of $90.196.42 ($9,286.92 x 9.7122 present value at 6%) to age 80.

43. Plaintiff Johnny A. Ramos Flores works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Johnny was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he was taken by surprise since at all times we had been notified that there would be no problem with our early retirement, and we had been instructed to consume our excess of sick leave and compensatory license. Once he received the October 6 notice, his mental and emotional health began to deteriorate since he had plans for the future that he could not fulfill. This is a very stressful situation that has given him anxiety problems, weight increase, insomnia, forcing him to go to the doctor for treatment. His damages for emotional pain and suffering are no less than $1,000,000.

44. Also, if Johnny had been able to take early retirement pursuant to Act 80, he would receive $1.381.79 a month, whereas when he retires at age 65, he will only receive $596.55 a month. This amounts to a present value loss of income of $91,516.90 ($9,422.88 x 9.7122 present value at 6%) to age 80.

45. Plaintiff Javier Ramos Colón works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Javier was greatly

disillusioned when he was informed that he would not be able to take the early retirement. He has suffered panic and anxiety attacks which have forced him to take mediation in order to sleep. He has had weight increase due to the anxiety, which has aggravated preexisting health conditions.

46. In addition, Javier had already obtained another job which he was going to start once he retired. This has affected his economic stability. Also, due to the fact he was going to retire, he exhausted his sick and compensatory leaves, leaving him without balance for a future emergency situation. His damages for emotional pain and suffering are no less than $1,000,000.

47. Also, if Javier had been able to take early retirement pursuant to Act 80, he would receive $??? a month, whereas when he retires at age 65, he will only receive $??? a month. This amounts to a present value loss of income of $??? ($??? x 10.1059 present value at 6%) to age 80.

48. Plaintiff Víctor Mangome Senati works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Víctor was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, it caused him a profound feeling of suspicion towards the DRNA, the system and the Government of Puerto Rico. This lead to great frustration, disillusionment, and fear that I was at the mercy of a system that lies without regard to the consequences.

49. All this lead Víctor to situation that affected his sleep, alteration of his eating patterns which lead to weight increase, sleep apnea, having to visit a neurologist and two sleep studies. Víctor has had to visit a cardiologist for an echocardiogram. This has greatly affected his family. His damages for emotional pain and suffering are no less than $1,000,000.

15

**50**. Also, if Víctor had been able to take early retirement pursuant to Act 80, he would receive $1,396.65 a month, whereas when he retires at age 65, he will only receive $706.58 a month. This amounts to a present value loss of income of $80,425.17 ($8,280.4x 9.7122 present value at 6%) to age 80.

**51**. Plaintiff José Luis González Calventy works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. José Luis was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, it was a terrible emotional blow. He was absent several times in order to overcome this terrible news. It has caused him insomnia, ill temper, loss of appetite, elevated blood pressure which resulted in an increase on his pill dosage, mental anguish and lack of interest in my work. His damages for emotional pain and suffering are no less than $1,000,000.

**52**. Also, if José Luis had been able to take early retirement pursuant to Act 80, he would receive $2,100 a month, whereas when he retires at age 65, he will only receive $720.42 a month. This amounts to a present value loss of income of $80,425.17 ($16,554.96 x 9.7122 present value at 6%) to age 80.

**53**. Plaintiff Angel Pérez Rosario works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Angel was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he developed anxiety, eating disorders, frustration, it altered his sleeping pattern because he is constantly thinking if it is better to get transfer or not. His damages for emotional pain and suffering are no less than $1,000,000.

**54**. Also, if Angel had been able to take early retirement pursuant to Act 80, he would receive $1,396.65 a month, whereas when he retires at age 65, he will only receive $700.91 a month. This amounts to a present value loss of income of $80,114.77 ($8,248.88 x 9.7122 present value at 6%) to age 80.

**55**. Plaintiff Wilfredo Ramírez Rivera works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Wilfredo was greatly disillusioned when he was informed that he would not be able to take the early retirement. Since he received the October 6, 2023, letter, he has been emotionally affected, lots sleep for he feels he has been tricked by the Government.  His damages for emotional pain and suffering are no less than $1,000,000.

**56**. Also, if Wilfredo had been able to take early retirement pursuant to Act 80, he would receive $1,360 a month, whereas when he retires at age 65, he will only receive $594.65 a month. This amounts to a present value loss of income $89,198.79 ($9,184.20 x 9.7122 present value at 6%) to age 80.

**57**. Plaintiff Sgt. Arnaldo Morales Vélez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Arnaldo was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, his family life and marriage were affected, including a separation. He received frequent jeers and unsavory comments. His damages for emotional pain and suffering are no less than $1,000,000.

**58**. Also, if Arnaldo had been able to take early retirement pursuant to Act 80, he would receive $1,308 a month, whereas when he retires at age 65, he will only receive $575.52 a

month. This amounts to a present value loss of income of $85,367.91 ($8,789.76 x 9.7122 present value at 6%) to age 80.

59. Plaintiff Erick Soto Modesti works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Erick was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, anxiety, sleeping problems, eating disorders and ill temper. His damages for emotional pain and suffering are no less than $1,000,000.

60. Also, if Erick had been able to take early retirement pursuant to Act 80, he would receive $1,386.50 a month, whereas when he retires at age 65, he will only receive $708.81 a month. This amounts to a present value loss of income of $79,027.29 ($8,135.88 x 9.7122 present value at 6%) to age 80.

61. Plaintiff José Orlando Carrasquillo Ríos works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. José was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he developed insomnia, lack of desire to go to work, and affected his diabetes and high blood pressure and sleep apnea. His eating habits have been affected and does not want to socialize. His damages for emotional pain and suffering are no less than $1,000,000.

62. Also, if José had been able to take early retirement pursuant to Act 80, he would receive $1,550.66 a month, whereas when he retires at age 65, he will only receive $747.41 a month. This amounts to a present value loss of income of $87,107.94 ($8,968.92 x 9.7122 present value at 6%) to age 80.

**63**. Plaintiff Héctor Martínez Alvarado works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Héctor was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he had to cancel a trip to the US for some medical studies since he had been consuming his sick leave and compensatory time since he was informed, he could retire. He does not feel well emotionally. His damages for emotional pain and suffering are no less than $1,000,000.

**64**. Also, if Héctor had been able to take early retirement pursuant to Act 80, he would receive $1,381.79 a month, whereas when he retires at age 65, he will only receive $776.69 a month. This amounts to a present value loss of income of $70.522.23 ($7,261.20 x 9.7122 present value at 6%) to age 80.

**65**. Plaintiff Calex Figueroa Bobé works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Calex was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he suffers from mental anguish, insomnia, high blood pressure, generalized anxiety. He has no interest in his work suffers from family instability and high alcohol consumption, He has had to use medicine to sleep and for depression, with suicidal thoughts. This has deteriorated his daily life and health.  His damages for emotional pain and suffering are no less than $1,000,000.

**66**. Also, if Calex had been able to take early retirement pursuant to Act 80, he would receive $1,393.35 a month, whereas when he retires at age 65, he will only receive $756.90 a month. This amounts to a present value loss of income of $74,175.96 ($7,637.40 x 9.7122 present value at 6%) to age 80.

**67**. Plaintiff Lieutenant Dally Pérez Lugo works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Dally was greatly disillusioned when she was informed that she would not be able to take the early retirement. When he received the October 6, 2023, letter, she suffers great mental anguish, desperation, depression, anxiety, insomnia, family and economic problems. This has led her to seek psychological and psychiatric help. This has deteriorated his daily life and health.  His damages for emotional pain and suffering are no less than $1,000,000.

**68**. Also, if Dally had been able to take early retirement pursuant to Act 80, she would receive $1,494.81 a month, whereas when she retires at age 65, she will only receive $611.17 a month. This amounts to a present value loss of income of $102,985.06 ($10,603.68 x 9.7122 present value at 6%) to age 80.

**69**. Plaintiff Sgt. Ismael Rivera Skerret works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Ismael was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he developed anxiety and depression. He has had to seek psychological and psychiatric help, and he has been prescribed different drugs for treatment. He has also had insomnia and erratic dreams with lots of anxiety. His damages for emotional pain and suffering are no less than $1,000,000.

**70**. Also, if Ismael had been able to take early retirement pursuant to Act 80, he would receive $1,550.66 a month, whereas when he retires at age 65, he will only receive $631.55 a month. This amounts to a present value loss of income of $107,918.96 ($11,029.32 x 9.7122 present value at 6%) to age 80.

**71**. Plaintiff Luis Martínez Rivera works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Luis was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he has developed insomnia, having to take medication for the condition, due to the depression he developed, he stopped exercising which has led to weight gain, He has developed problems with his nerves which startles me when I hear unexpected noises, Luis has had difficulty going to work due to his depression and when he arrives he feels pressure in his chest and difficulty breathing. Sometimes he feels like he is going to have a heart attack. His damages for emotional pain and suffering are no less than $1,000,000.

**72**. Also, if Luis had been able to take early retirement pursuant to Act 80, he would receive $1,381.80 a month, whereas when he retires at age 65, he will only receive $596.26 a month. This amounts to a present value loss of income of $69,491.96 ($7,155.12 x 9.7122 present value at 6%) to age 80.

**73**. Plaintiff José R. Rodríguez Gómez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. José was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, his high blood pressure was aggravated, his concentration suffered, he developed insomnia, sadness, lack of interest in his daily activities and at work, He has also developed difficulty relaxing. His damages for emotional pain and suffering are no less than $1,000,000.

**74**. Also, if José had been able to take early retirement pursuant to Act 80, he would receive $1,381.80 a month, whereas when he retires at age 65, he will only receive $623.55 a

month. This amounts to a present value loss of income of $72,672.51 ($7,482.60 x 9.7122 present value at 6%) to age 80.

75. Plaintiff Sgt. Carlos Cortés Ramos works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Carlos was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he has suffered great pain and anguish since her daughter will start college soon and it will be difficult for him to help her. His damages for emotional pain and suffering are no less than $1,000,000.

76. Also, if Carlos had been able to take early retirement pursuant to Act 80, he would receive $1,550.50 a month, whereas when he retires at age 65, he will only receive $642.78 a month. This amounts to a present value loss of income of $107,791.50 ($10,892.64 x 9.7122 present value at 6%) to age 80.

77. Plaintiff Mervin Rodríguez Rodríguez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Mervin was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he had great mental anguish, for he had consumed his sick and compensatory leave. Mervin has lots his faith in the Government of Puerto Rico who has betrayed him twice, on October 6 and when his retirement of 75% was reduced to 38%. His damages for emotional pain and suffering are no less than $1,000,000.

78. Also, if Mervin had been able to take early retirement pursuant to Act 80, he would receive $1,381 a month, whereas when he retires at age 65, he will only receive $600.27 a month. This amounts to a present value loss of income of $90,991.27 ($9,368.76 x 9.7122 present value at 6%) to age 80.

79. Plaintiff Miguel González Olmo works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Miguel was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he developed anxiety and insomnia. Miguel worries about his meager retirement and how he will make ends meet. His damages for emotional pain and suffering are no less than $1,000,000.

80. Also, if Miguel had been able to take early retirement pursuant to Act 80, he would receive $1,453 a month, whereas when he retires at age 65, he will only receive $741.08 a month. This amounts to a present value loss of income of $82,971.71 ($8,543.04 x 9.7122 present value at 6%) to age 80.

81. Plaintiff José Luis Rivera Rivera works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. José Luis was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he great pain and suffering, frustration and desire to resign his position. He has also developed insomnia. His damages for emotional pain and suffering are no less than $1,000,000.

82. Also, if José Luis had been able to take early retirement pursuant to Act 80, he would receive $1,381.00 a month, whereas when he retires at age 65, he will only receive $596.08 a month. This amounts to a present value loss of income of $91,479.60 ($9,419.04 x 9.7122 present value at 6%) to age 80.

83. Plaintiff Sgt. Luis O. Reyes Vázquez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Luis was greatly disillusioned when he was informed that he would not be able to take the early retirement.

When he received the October 6, 2023, letter, he has suffered grave emotional problems, insomnia, lack of concentration and had to consult a psychologist on an emergency basis, aggravating his emotional health. It is difficult for him to go to work since he has to be medicated to perform. This medication were prescribed by a psychiatrist of the PAE ("Programa de Ayuda al Empleado"). His damages for emotional pain and suffering are no less than $1,000,000.

84. Also, if Luis had been able to take early retirement pursuant to Act 80, he would receive $1,439.50 a month, whereas when he retires at age 65, he will only receive $693.33 a month. This amounts to a present value loss of income of $86,963.43 ($8,954.04 x 9.7122 present value at 6%) to age 80.

85. Plaintiff Hernán G. Díaz Dávila works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Hernán was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, his health deteriorated. He suffers from hypertension, kidney and sugar problems which affect his vision. He takes medication and has to be careful with his diet. His damages for emotional pain and suffering are no less than $1,000,000.

86. Also, if Hernán had been able to take early retirement pursuant to Act 80, he would receive $1,381.80 a month, whereas when he retires at age 65, he will only receive $607.39 a month. This amounts to a present value loss of income of $90,254.70 ($9,292.92 x 9.7122 present value at 6%) to age 80.

87. Plaintiff Rafael Curbelo Medina works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Rafael was

greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he suffered from anxiety and sadness. Rafael had planned to take care of his ailing mother, a cancer patient, upon his retirement and now does not know what he will do. He is under medical treatment and has to take medication in order to sleep. His damages for emotional pain and suffering are no less than $1,000,000.

88. Also, if Rafael had been able to take early retirement pursuant to Act 80, he would receive $1,308 a month, whereas when he retires at age 65, he will only receive $570.88 a month. This amounts to a present value loss of income of $85,908.68 ($8,845.44 x 9.7122 present value at 6%) to age 80.

89. Plaintiff Reinaldo J. Pagán Morales works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Reynaldo was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he started feeling anxious, sad, discouraged, restless and disappointed. He has difficulty sleeping and eating. Reynaldo had made plans for the future retirement to spend with his daughter which cannot take place. His health has deteriorated. He has had four meshes placed in his heart. He had not been able to have other procedures done due to his not being able to take early retirement, affecting his mental health. His damages for emotional pain and suffering are no less than $1,000,000.

90. Also, if Reinaldo had been able to take early retirement pursuant to Act 80, he would receive $1,396 a month, whereas when he retires at age 65, he will only receive $723.99 a month. This amounts to a present value loss of income of $78,320.35 ($8,064.12 x 9.7122 present value at 6%) to age 80.

91. Plaintiff Felipe Javier Torres Morales works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Felipe was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he suffered great mental anguish, it affected his cardiological and sleep apnea treatment. In addition, it affected his plans of going to visit his grandchildren in the US. His damages for emotional pain and suffering are no less than $1,000,000.

92. Also, if Felipe had been able to take early retirement pursuant to Act 80, he would receive $1,391.80 a month, whereas when he retires at age 65, he will only receive $704.78 a month. This amounts to a present value loss of income of $80,069.71 ($8,244.24 x 9.7122 present value at 6%) to age 80.

93. Plaintiff Cecilio López Fondorona works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Cecilio was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he felt disappointed, disillusioned and transgressed by the agency and the government. He has suffered great anguish and mental suffering due to this betrayal. His damages for emotional pain and suffering are no less than $1,000,000.

94. Also, if Cecilio had been able to take early retirement pursuant to Act 80, he would receive $1,396.65 a month, whereas when he retires at age 65, he will only receive $708.69 a month. This amounts to a present value loss of income of $80,179.26 ($8,255.52 x 9.7122 present value at 6%) to age 80.

95. Plaintiff Jaime L. Moreno Jiménez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Jaime was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he suffered great mental anguish and suffering. He lost job offers. His damages for emotional pain and suffering are no less than $1,000,000.

96. Also, if Jaime had been able to take early retirement pursuant to Act 80, he would receive $1,381.79 a month, whereas when he retires at age 65, he will only receive $597.88 a month. This amounts to a present value loss of income of $91,361.89 ($9,406.92 x 9.7122 present value at 6%) to age 80.

97. Plaintiff Luis Daniel Vázquez Vélez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Luis was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, his dreams and plans for retirement were destroyed. He has suffered great anguish and mental suffering due to this betrayal. He suffers from insomnia and profound disappointment. His damages for emotional pain and suffering are no less than $1,000,000.

98. Also, if Luis had been able to take early retirement pursuant to Act 80, he would receive $1,381.80 a month, whereas when he retires at age 65, he will only receive $597.94 a month. This amounts to a present value loss of income of $91,356.06 ($9,406.32 x 9.7122 present value at 6%) to age 80.

99. Plaintiff Orlando Padilla Rosado works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Orlando was greatly disillusioned when he was informed that he would not be able to take the early

retirement. When he received the October 6, 2023, letter, he has suffered great anguish and mental suffering due to this betrayal. He also suffers from insomnia. His damages for emotional pain and suffering are no less than $1,000,000.

**100**. Also, if Orlando had been able to take early retirement pursuant to Act 80, he would receive $1,381.80 a month, whereas when he retires at age 65, he will only receive $599.65 a month. This amounts to a present value loss of income of $91,156.77 ($9,385.80 x 9.7122 present value at 6%) to age 80.

**101**. Plaintiff Lieutenant Roberto Padilla Solivan works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Roberto was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he felt disillusioned defrauded, betrayed, duped, impotent, since he had prepared with my family for retirement and had consumed his sick and compensatory leave. His damages for emotional pain and suffering are no less than $1,000,000.

**102**. Also, if Roberto had been able to take early retirement pursuant to Act 80, he would receive $1,628.50 a month, whereas when he retires at age 65, he will only receive $663.38 a month. This amounts to a present value loss of income of $112,481.26 ($11,581.44 x 9.7122 present value at 6%) to age 80.

**103**. Plaintiff Alexis Ramírez Pérez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Alexis was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he has anxiety and insomnia. He has great

difficulty going to work due the agency's betrayal. His damages for emotional pain and suffering are no less than $1,000,000.

104. Also, if Alexis had been able to take early retirement pursuant to Act 80, he would receive $1,381.79 a month, whereas when he retires at age 65, he will only receive $600.03 a month. This amounts to a present value loss of income of $91,111.31 ($9,381.12 x 9.7122 present value at 6%) to age 80.

105. Plaintiff Yamil J. Cruz Sánchez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Yamil was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, three long years of Government promises of retirement were revealed as a fallacy. As a result, Yamil's physical and mental health deteriorated. He has been operated on twice and has had to seek the help of a psychologist. He feels he has an uncertain future after so many years of hard work and effort, all of it lost due to the negligence and incompetence of certain people. His damages for emotional pain and suffering are no less than $1,000,000.

106. Also, if Yamil had been able to take early retirement pursuant to Act 80, he would receive $1,159 a month, whereas when he retires at age 65, he will only receive $322.35 a month. This amounts to a present value loss of income of $97,508.55 ($10,039.80 x 9.7122 present value at 6%) to age 80.

107. Plaintiff Fernando L. Lugo Torres works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Ferando was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he felt frustrated, disillusioned, great

anger, impotent, since I had started to prepare since 2020 for retirement and had plans, which were frustrated by the Government. Fernando's father had been sick and had been hoping to help his brothers more with him since I would not be working. Now, he has had to consume his sick and compensatory leave to assist with his medical appointments or simply to stay with him since he has been hospitalized several times. Fernando has health conditions of his own he has to deal with and needs time for medical procedures which he has had to postpone due to not been able to retire. His damages for emotional pain and suffering are no less than $1,000,000.

**108**. Also, if Fernando had been able to take early retirement pursuant to Act 80, he would receive $1,381.79 a month, whereas when he retires at age 65, he will only receive $598.49 a month. This amounts to a present value loss of income of $91,290.80 ($9,399.60 x 9.7122 present value at 6%) to age 80.

**109**. Plaintiff Gustavo Valls Dapena works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Gustavo was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he suffered from insomnia, and anxiety as he struggled to deal with the situation. Fernando's sentimental companion is sick, and he has three children in university that depend on him, which gives him great anxiety. He suffers from panic attacks since October 2023 since he cannot fulfil his dream of being outside the government. His damages for emotional pain and suffering are no less than $1,000,000.

**110**. Also, if Gustavo had been able to take early retirement pursuant to Act 80, he would receive $1,395.65 a month, whereas when he retires at age 65, he will only receive $707.06 a month. This amounts to a present value loss of income of $80,252.69 ($8,263.08 x 9.7122 present value at 6%) to age 80.

111. Plaintiff David de Jesús Cintrón works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. David was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, his blood pressure increased, he had difficulty sleeping and his plans were recked, affecting his family life. His damages for emotional pain and suffering are no less than $1,000,000.

112. Also, if David had been able to take early retirement pursuant to Act 80, he would receive $1,381.80 a month, whereas when he retires at age 65, he will only receive $605.60 a month. This amounts to a present value loss of income of $90,463.32 ($9,314.40 x 9.7122 present value at 6%) to age 80.

113. Plaintiff Braulio Ramos Vera works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Braulio was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he developed anxiety, insomnia, sleep apnea, and aggravated other medical conditions. Braulio has had to contend with a constant feeling of uncertainty with respect to his future. His hopes and dreams were destroyed by his own Government. His damages for emotional pain and suffering are no less than $1,000,000.

114. Also, if Braulio had been able to take early retirement pursuant to Act 80, he would receive $1,396 a month, whereas when he retires at age 65, he will only receive $698.85 a month. This amounts to a present value loss of income of $81,250.32 ($8,365.80 x 9.7122 present value at 6%) to age 80.

115. Plaintiff Orlando Sánchez Luyando works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Orlando was

greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he began to suffer from nervousness, insomnia, disinterest at his job and lack of motivation. His damages for emotional pain and suffering are no less than $1,000,000.

116. Also, if Orland had been able to take early retirement pursuant to Act 80, he would receive $1,381 a month, whereas when he retires at age 65, he will only receive $611.76 a month. This amounts to a present value loss of income of $89,652.16 ($9,230.88 x 9.7122 present value at 6%) to age 80.

117. Plaintiff Tiburcio Zayas Martínez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Tiburcio was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he was greatly affected emotionally for he had planned his retirement with his family. His damages for emotional pain and suffering are no less than $1,000,000.

118. Also, if Tiburcio had been able to take early retirement pursuant to Act 80, he would receive $1,396.65 a month, whereas when he retires at age 65, he will only receive $697.11 a month. This amounts to a present value loss of income of $81,528.87 ($8,394.48 x 9.7122 present value at 6%) to age 80.

119. Plaintiff María E. Santiago Rivera works in the Ranger Corps. She was overjoyed when he was informed that she could take early retirement pursuant to Act 80. María was greatly disillusioned when she was informed that she would not be able to take the early retirement. When she received the October 6, 2023, letter, she had to put on hold all the plans she had made with her family for early retirement. In addition, she had consumed her sick and

compensatory leave in preparation for early retirement. Her damages for emotional pain and suffering are no less than $1,000,000.

**120**. Also, if María had been able to take early retirement pursuant to Act 80, she would receive $1,550.67 a month, whereas when she retires at age 65, she will only receive $636.19 a month. This amounts to a present value loss of income of $106,579.35 ($10,973.76 x 9.7122 present value at 6%) to age 80.

**121**. Plaintiff Luis A. Flores García works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Luis was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he had to put on hold all the plans she had made with her family for early retirement. In addition, he had consumed her sick and compensatory leave in preparation for early retirement. His damages for emotional pain and suffering are no less than $1,000,000.

**122**. Also, if Luis had been able to take early retirement pursuant to Act 80, he would receive $1,381.80 a month, whereas when he retires at age 65, he will only receive $612.29 a month. This amounts to a present value loss of income of $89,683.62 ($9,234.12 x 9.7122 present value at 6%) to age 80.

**123**. Plaintiff Marcos L. Pagán García works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Marcos was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he felt frustration, insatisfaction, sadness, crying spells, since the DNRA had at all times told him he could take early retirement. He has developed insomnia, nervousness and spends nights thinking about all the years left for

him to retire. He has a lack of interest in going to work, thoughts about resigning, but he can't do that. Marcos is taking natural remedies for anxiety, lack of interest in going out.

124. Marcos plans for the future have been affected. The DRNA told him to consume his sick and compensatory leave since they would not be paid. He was excluded from training since he was to leave the agency in March of 2024. In addition, Marcos' mother has diabetes and Parkinson, and he would be taking care of her. Now he has to continue paying a person to take care of her. His damages for emotional pain and suffering are no less than $1,000,000.

125. Also, if Marcos had been able to take early retirement pursuant to Act 80, he would receive $1,380.74 a month, whereas when he retires at age 65, he will only receive $694.34 a month. This amounts to a present value loss of income of $79,997.45 ($8,236.80 x 9.7122 present value at 6%) to age 80.

126. Plaintiff Efraín García Maldonado works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Efraín was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he feels anxiety and frustration and his future retirement plans have been affected by the Government's bad intentions. His damages for emotional pain and suffering are no less than $1,000,000.

127. Also, if Efraín had been able to take early retirement pursuant to Act 80, he would receive $2,100 a month, whereas when he retires at age 65, he will only receive $850.97 a month. This amounts to a present value loss of income of $145,569.95 ($14,988.36 x 9.7122 present value at 6%) to age 80.

128. Plaintiff Eric Ramos Báez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Eric was greatly

disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he has been greatly affected emotionally. In addition, his future retirement plans were put on hold. His damages for emotional pain and suffering are no less than $1,000,000.

129. Also, if Eric had been able to take early retirement pursuant to Act 80, he would receive $1,396.65 a month, whereas when he retires at age 65, he will only receive $689.57 a month. This amounts to a present value loss of income of $82,407.63 ($8,484.96 x 9.7122 present value at 6%) to age 80.

130. Plaintiff Wilson Lugo Cintrón works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Wilson was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he began suffering from insomnia and anxiety. He had to postpone the plans that for the past two years he had forged with his family. Wilson had to consume his sick and compensatory leave. His damages for emotional pain and suffering are no less than $1,000,000.

131. Also, if Wilson had been able to take early retirement pursuant to Act 80, he would receive $1,381.79 a month, whereas when he retires at age 65, he will only receive $614.56 a month. This amounts to a present value loss of income of $89,417.89 ($9,206.76 x 9.7122 present value at 6%) to age 80.

132. Plaintiff Elio Morciglio Rivera works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Emilio was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, it was like an ice water bath. He was

affected emotionally since he had plans for his retirement that he had to cancel. Elio thought he had failed his family and was letting them down. It became difficult for him to sleep or eat since he only thought on how to deal with the situation. What was he going to do now?

133. Elio's happiness disappeared. He has turned into a sad and taciturn person since the news for he can only think about it. Due to this, he cannot focus, he stays out of conversations, his family has become worried for him. His health has deteriorated since learning of the news. His damages for emotional pain and suffering are no less than $1,000,000.

134. Also, if Elio had been able to take early retirement pursuant to Act 80, he would receive $1,393.35 a month, whereas when he retires at age 65, he will only receive $809.40 a month. This amounts to a present value loss of income of $84,088.80 ($7,007.40 x 9.7122 present value at 6%) to age 80.

135. Plaintiff Rubén O. Bobet Quiles works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Rubén was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he His damages for emotional pain and suffering are no less than $1,000,000.

136. Also, if Rubén had been able to take early retirement pursuant to Act 80, he would receive $1,550.66 a month, whereas when he retires at age 65, he will only receive $736.88 a month. This amounts to a present value loss of income of $94,843.13 ($9,765.36 x 9.7122 present value at 6%) to age 80.

137. Plaintiff Nelson Rodríguez Marín works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Nelson was

greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he developed anxiety, insomnia, loss of appetite since he had to cancel all his retirement plans. Nelson has a son with health issues, and he was in search of doctors outside Puerto Rico to increase his quality of life and health for both of them. Now those efforts have been put in hold. His damages for emotional pain and suffering are no less than $1,000,000.

138. Also, if Nelson had been able to take early retirement pursuant to Act 80, he would receive $1,381.80 a month, whereas when he retires at age 65, he will only receive $567.50 a month. This amounts to a present value loss of income of $94,903.73 ($9,771.60 x 9.7122 present value at 6%) to age 80.

139. Plaintiff Juan Alberto Santiago Meléndez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Juan was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he felt frustrated, his blood pressure increased, he lost sleep. Juan became hostile for no reason and would cry easily. His damages for emotional pain and suffering are no less than $1,000,000.

140. Also, if Juan had been able to take early retirement pursuant to Act 80, he would receive $1,308.08 a month, whereas when he retires at age 65, he will only receive $760.64 a month. This amounts to a present value loss of income of $63,802.16 ($6,569.28 x 9.7122 present value at 6%) to age 80.

141. Plaintiff Wilfredo Rodríguez Pacheco works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Wilfredo was greatly disillusioned when he was informed that he would not be able to take the

early retirement. When he received the October 6, 2023, letter, he developed insomnia, changes in his mood, impotence at not being able to move since he was counting on early retirement to give his son, who requires 24-hour care, the help he needs. Due to his condition, Wilfredo's son had to move to the US with his mother. Wilfredo feels useless at not being able to move to help him. His damages for emotional pain and suffering are no less than $1,000,000.

**142**. Also, if Wilfredo had been able to take early retirement pursuant to Act 80, he would receive $1,381.00 a month, whereas when he retires at age 65, he will only receive $601.47 a month. This amounts to a present value loss of income of $90,851.42 ($9,354.36 x 9.7122 present value at 6%) to age 80.

**143**. Plaintiff Ervin R. Vega García worked in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Elvin was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he suffers from insomnia, anxiety and his physical health has deteriorated. Elvin has had to get phycological health due to the great anguish and mental suffering this decision has caused him. His damages for emotional pain and suffering are no less than $1,000,000.

**144**. Also, if Ervin had been able to take early retirement pursuant to Act 80, he would receive $1,550.66 a month, whereas when he retires at age 65, he will only receive $739.03 a month. This amounts to a present value loss of income of $94,592.55 ($9,739.56 x 9.7122 present value at 6%) to age 80.

**145**. Plaintiff Melvin M. Torres Ortiz works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Melvin was greatly disillusioned when he was informed that he would not be able to take the early

retirement. When he received the October 6, 2023, letter, he has felt sad, impotent and betrayed by the Government. His emotional and family life has been negatively affected by this decision. His damages for emotional pain and suffering are no less than $1,000,000.

146. Also, if Melvin had been able to take early retirement pursuant to Act 80, he would receive $1,874.70 a month, whereas when he retires at age 65, he will only receive $969.69 a month. This amounts to a present value loss of income of $105,475.66 ($10,860.12 x 9.7122 present value at 6%) to age 80.

147. Plaintiff Daniel Colón Figueroa works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Daniel was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he felt frustrated and anguished since he had planned with his family for a better quality of life. His damages for emotional pain and suffering are no less than $1,000,000.

147. Also, if Daniel had been able to take early retirement pursuant to Act 80, he would receive $1,391.50 a month, whereas when he retires at age 65, he will only receive $699.14 a month. This amounts to a present value loss of income of $80,692.07 ($8,308.32 x 9.7122 present value at 6%) to age 80.

149. Plaintiff Higinio Mercado Burgos works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Higinio was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he became depressed, developed chest pains, his blood pressure remained high for several days. His emotional health has deteriorated. His damages for emotional pain and suffering are no less than $1,000,000.

**150**. Also, if Higinio had been able to take early retirement pursuant to Act 80, he would receive $1,396.50 a month, whereas when he retires at age 65, he will only receive $691.81 a month. This amounts to a present value loss of income of $80,627.96 ($8,301.72 x 9.7122 present value at 6%) to age 80.

**151**. Plaintiff José A. Rosado Hernández works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. José was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, it was a dramatic ice water bath. He felt sad, he cried and screamed. José has developed anxiety, insomnia and great anger. His damages for emotional pain and suffering are no less than $1,000,000.

**152**. Also, if José had been able to take early retirement pursuant to Act 80, he would receive $1,550.66 a month, whereas when he retires at age 65, he will only receive $610.02 a month. This amounts to a present value loss of income of $109,628.21 ($11,287.68 x 9.7122 present value at 6%) to age 80.

**153**. Plaintiff Luis E. Nieves Guzmán works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Luis was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he is very saddened and suffers enormously that he cannot retire at his 67 years of age. His damages for emotional pain and suffering are no less than $1,000,000.

**154**. Also, if Luis had been able to take early retirement pursuant to Act 80, he would receive $1,396.65 a month, whereas when he retires at age 69, he will only receive $722.63 a

month. This amounts to a present value loss of income of $63,791.40 ($8,088.24 x 7.8869 present value at 6%) to age 80.

155. Plaintiff Domingo Flores Colón works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Domingo was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he has suffered great pain and mental anguish. His plans for retirement have been put on hold. His damages for emotional pain and suffering are no less than $1,000,000.

156. Also, if Domingo had been able to take early retirement pursuant to Act 80, he would receive $1,381.80 a month, whereas when he retires at age 65, he will only receive $601.87 a month. This amounts to a present value loss of income of $90,898.03 ($9,359.16 x 9.7122 present value at 6%) to age 80.

157. Plaintiff Rubén Torres Diaz works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Rubén was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he has suffered great pain and mental anguish. His plans for retirement have been put on hold. His damages for emotional pain and suffering are no less than $1,000,000.

158. Also, if Rubén had been able to take early retirement pursuant to Act 80, he would receive $1,396.65 a month, whereas when he retires at age 65, he will only receive $781.58 a month. This amounts to a present value loss of income of $71,684.19 ($7,380.84 x 9.7122 present value at 6%) to age 80.

159. Plaintiff Javier Tavárez Ortiz works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Javier was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he felt profoundly frustrated, disappointed, impotent, and incapable of believing the situation. His plans for the future collapsed, leaving him in shock that has affected his sleep, to this day. Due to this, he has had to take medicine and natural treatments. Also, he has suffered hypertension. The emotional anguish he has suffered since the news has also caused him emotional instability. His damages for emotional pain and suffering are no less than $1,000,000.

160. Also, if Javier had been able to take early retirement pursuant to Act 80, he would receive $1,682.11 a month, whereas when he retires at age 65, he will only receive $954.86 a month. This amounts to a present value loss of income of $84,758.37 ($8,727 x 9.7122 present value at 6%) to age 80.

161. Plaintiff Luis O. García Calderón works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Luis was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he suffers from insomnia and his retirement plans have been put on hold. His damages for emotional pain and suffering are no less than $1,000,000.

162. Also, if Luis had been able to take early retirement pursuant to Act 80, he would receive $1,381.80 a month, whereas when he retires at age 65, he will only receive $601.47 a month. This amounts to a present value loss of income of $90,944.65 ($9,363.96 x 9.7122 present value at 6%) to age 80.

163. Plaintiff Julio Carmona Maldonado works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Julio was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he has insomnia, he feels impotent and frustrated and fears for his future. His damages for emotional pain and suffering are no less than $1,000,000.

164. Also, if Julio had been able to take early retirement pursuant to Act 80, he would receive $1,337.77 a month, whereas when he retires at age 65, he will only receive $553.63 a month. This amounts to a present value loss of income of $91,388.69 ($9,409.68 x 9.7122 present value at 6%) to age 80.

165. Plaintiff Reinaldo Avila del Pilar works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Reynaldo was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, his world crumbled before him. All his plans and contingencies he had made were destroyed. Reynaldo felt great anger, anxiety, depression, insomnia, and that his head and chest were going to burst. He has sought the help of Dr. Milian Rosado, and he is taking medication to deal with his problems of anxiety, insomnia and depression. His damages for emotional pain and suffering are no less than $1,000,000.

166. Also, if Reinaldo had been able to take early retirement pursuant to Act 80, he would receive $1,158.50 a month, whereas when he retires at age 65, he will only receive $380.84 a month. This amounts to a present value loss of income of $90,633.47 ($9,331.92 x 9.7122 present value at 6%) to age 80.

**167**. Plaintiff Omar Báez Vázquez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Omar was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he felt great anxiety, and his health was affected. His damages for emotional pain and suffering are no less than $1,000,000.

**168**. Also, if Omar had been able to take early retirement pursuant to Act 80, he would receive $1,381.80 a month, whereas when he retires at age 65, he will only receive $592.53 a month. This amounts to a present value loss of income of $91,986.58 ($9,471.24 x 9.7122 present value at 6%) to age 80.

**169**. Plaintiff Luis Angel Calderón Osorio works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Luis was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he was devastated. Luis developed anxiety and insomnia. His damages for emotional pain and suffering are no less than $1,000,000.

**170**. Also, if Luis had been able to take early retirement pursuant to Act 80, he would receive $1,396 a month, whereas when he retires at age 65, he will only receive $792.20 a month. This amounts to a present value loss of income of $70,370.72 ($7,245.60 x 9.7122 present value at 6%) to age 80.

**171**. Plaintiff Andrés J. Santiago Martínez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Andres was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, it caused him anxiety, anxiousness,

Case 3:24-cv-01462-RAM    Document 1    Filed 10/01/24    Page 45 of 48

disorientation and uncertainty. He has had to cancel the plans he had made for the future. His damages for emotional pain and suffering are no less than $1,000,000.

172. Also, if Andres had been able to take early retirement pursuant to Act 80, he would receive $1.381.80 a month, whereas when he retires at age 65, he will only receive $604.89 a month. This amounts to a present value loss of income of $90,546.06 ($9,322.92 x 9.7122 present value at 6%) to age 80.

173. Plaintiff Víctor Rosa Galarza works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Víctor was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he felt that after so many sacrifices, he had been duped. His health deteriorated and suffered a heart attack while working and is under medical leave. His damages for emotional pain and suffering are no less than $1,000,000.

174. Also, if Víctor had been able to take early retirement pursuant to Act 80, he would receive $1,650.00 a month, whereas when he retires at age 65, he will only receive $834.57 a month. This amounts to a present value loss of income of $95,035.43 ($9,785.16 x 9.7122 present value at 6%) to age 80.

175. Plaintiff Angel E. Atienza Fernández works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Angel was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he felt sadness, instability, depression, and anxiety. Angel's wife was diagnosed with cancer, and he began making plans to help her during his early retirement. Now he does not what will happen. His damages for emotional pain and suffering are no less than $1,000,000.

**176**. Also, if Angel had been able to take early retirement pursuant to Act 80, he would receive $1,700.00 a month, whereas when he retires at age 65, he will only receive $698.59 a month. This amounts to a present value loss of income of $116,710.73 ($12,016.92 x 9.7122 present value at 6%) to age 80.

**177**. Plaintiff Wilfredo Luciano Arocho works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Wilfredo was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he suffers from insomnia, anxiety, high blood pressure, and hate for the Government Administration. He feels humiliated and fooled by the Government Administration. He has had to abandon the plans he made for retirement. His damages for emotional pain and suffering are no less than $1,000,000.

**178**. Also, if Wilfredo had been able to take early retirement pursuant to Act 80, he would receive $1,443.33 a month, whereas when he retires at age 65, he will only receive $625.47 a month. This amounts to a present value loss of income of $95,318.64 ($9,814.32 x 9.7122 present value at 6%) to age 80.

**179**. Plaintiff José A. Quiñones Varela works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. José was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he feels frustration, anger, sadness, depression, lack of interest. He was a victim of derision from his civil counterparts which were glad that he was unable to retire. Since that date, his preexisting conditions of high blood pressure and diabetes increased, and he started having difficulty sleeping. His family has been affected by

this decision. José feels this action has been a disrespectful action by the Government. His damages for emotional pain and suffering are no less than $1,000,000.

180. Also, if José had been able to take early retirement pursuant to Act 80, he would receive $1,381.00 a month, whereas when he retires at age 65, he will only receive $603.22 a month. This amounts to a present value loss of income of $90,647.46 ($9,333.36 x 9.7122 present value at 6%) to age 80.

181. Plaintiff Héctor F. Molina Ramírez works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Héctor was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he felt frustrated, angered, disillusioned, impotent and anguished. He had to cancel all the plans he had made since 2020 to retire with 50% of his salary. His damages for emotional pain and suffering are no less than $1,000,000.

182. Also, if Héctor had been able to take early retirement pursuant to Act 80, he would receive $1,381.79 a month, whereas when he retires at age 65, he will only receive $597.23 a month. This amounts to a present value loss of income of $91,437.64 ($9,414.72 x 9.7122 present value at 6%) to age 80.

183. Plaintiff Hiram Torres Arroyo works in the Ranger Corps. He was overjoyed when he was informed that he could take early retirement pursuant to Act 80. Hiram was greatly disillusioned when he was informed that he would not be able to take the early retirement. When he received the October 6, 2023, letter, he felt betrayed and fooled by the Government. He has difficulty sleeping and has continues bad temper. His damages for emotional pain and suffering are no less than $1,000,000.

184. Also, if Hiram had been able to take early retirement pursuant to Act 80, he would receive $1,158.00 a month, whereas when he retires at age 65, he will only receive $191.52 a month. This amounts to a present value loss of income of $112,639.76 ($11,597.76 x 9.7122 present value at 6%) to age 80.

## VIII. JURY DEMAND

185. Plaintiffs demand that all questions of fact be decided by a jury.

WHEREFORE: Plaintiff respectfully requests from the Honorable Court that it enter judgment against defendants in the fashion specified in paragraphs **29-184** of this complaint, plus interest and attorney's fees.

Respectfully submitted on this 30th day of September 2024.

/s John E. Mudd
John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787)413-1673
johnmuddlaw@gmail.com